# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TYRONE MCDOWELL,<br>　　　　　　Appellant, | DOCKET NUMBER<br>NY-3443-23-0024-I-1 |
| 　　　　　v. | |
| DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　　Agency. | DATE: July 26, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Tyrone McDowell, Lockport, New York, pro se.

Justina L. Lillis, Esquire, Cheektowaga, New York, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed this appeal concerning the assignment of duties for lack of jurisdiction and for untimeliness. The appellant raises a whistleblower reprisal claim for the first time on review. He asserts reasons for extending the filing deadline for any

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

such claim. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's new whistleblower reprisal claim, we AFFIRM the initial decision to the extent that the administrative judge found the Board lacks jurisdiction over the appeal. We VACATE as unnecessary the administrative judge's finding that the appeal was untimely filed.

¶2       The administrative judge found that the appellant did not raise a claim of whistleblower reprisal. Initial Appeal File (IAF), Tab 12, Initial Decision (ID) at 4. She concluded that, in any event, any such claim would be untimely filed. ID at 5-6. The appellant asserts a whistleblower reprisal claim for the first time on review. Petition for Review (PFR) File, Tab 3 at 7-9. Although he did not make this claim below, we consider it here. The issue of Board jurisdiction is always before the Board and may be raised by either party or sua sponte by an administrative judge or the Board at any time during a Board proceeding. *See Engler v. Department of the Navy*, 69 M.S.P.R. 109, 114 (1995). Nonetheless, we find the appellant did not establish jurisdiction over his claims.

¶3       To establish jurisdiction over an individual right of action (IRA) appeal, an appellant must have exhausted his administrative remedies before the Office of

Special Counsel (OSC) and make nonfrivolous allegations of the following: (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity as specified in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). 5 U.S.C. §§ 1214(a)(3), 1221; *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). The substantive requirements of exhaustion are met when an appellant has provided OSC with sufficient basis to pursue an investigation. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. An appellant has not exhausted his administrative remedy for purposes of an IRA appeal when his complaint to OSC alleged a prohibited personnel practice, but not whistleblower reprisal. *Davis v. Department of Defense*, 103 M.S.P.R. 516, ¶ 11 (2006); *see Clemente v. Department of Homeland Security*, 101 M.S.P.R. 519, ¶ 13 (2006) (finding that a disclosure of agency wrongdoing to OSC does not satisfy the exhaustion requirement).

¶4    The administrative judge issued a detailed order that set forth the appellant's burdens of proof at the jurisdictional and merits stages of an IRA appeal and described the allegations and evidence he needed to submit. IAF, Tab 4. In response, the appellant submitted a copy of his OSC complaint and his correspondence with OSC. IAF, Tab 5 at 18-34, 37-38, 45-46, 49-61. The OSC complaint reveals that he did not select the boxes for retaliation claims but did so for "improper personnel actions" and "other" under the "other claims" category. *Id.* at 20-21. He asserted to OSC that the assignment of certain duties violated agency policy and merit systems principles. *Id.* at 30. The appellant also submitted OSC's August 22, 2022 letter closing out its investigation. IAF, Tab 1 at 7. In that letter, OSC advised the appellant that it had determined that it lacked evidence that the assignment of the Controlled Substances Coordinator position violated a law, rule, or regulation and concluded that agencies had wide discretion to assign duties to employees. *Id.*

¶5      The appellant's submissions to OSC do not mention whistleblowing, section 2302(b)(8)-(9), or reprisal for whistleblowing. IAF, Tab 5; *see Davis*, 103 M.S.P.R. 516, ¶ 11. Additionally, the appellant selected "no" on the Board's appeal form for whether he had filed a whistleblower complaint with OSC. IAF, Tab 1 at 4, Tab 5 at 4. He asserted that his Board appeal had nothing to do with whistleblower reprisal, discrimination, or a prior EEO complaint. IAF, Tab 5 at 4, Tab 8 at 9. In sum, we find that the appellant has not exhausted his administrative remedy because he did not allege whistleblower reprisal before OSC concerning the assignment of duties.

¶6      In view of our determination that the Board lacks jurisdiction over this appeal, we vacate as unnecessary the administrative judge's finding that the appeal was untimely filed. ID at 5-6. Therefore, we do not address the appellant's new arguments and evidence requesting that the Board waive the time limit. PFR File, Tab 3 at 10-16.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives this decision</u>. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.